<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-6957**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CHAD ERIC SIMPSON,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:01-cr-00189-GCM-4; 3:08-cv-00197-GCM)

Submitted: November 13, 2008     Decided: November 19, 2008

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Chad Eric Simpson, Appellant Pro Se. Gretchen C.F. Shappert, United States Attorney, Robert James Conrad, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chad Eric Simpson seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2008) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Simpson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, Simpson seeks to appeal the district court's dismissal of his motion filed under Fed. R. Civ. P. 59(e) as a second or successive § 2255 motion. We construe Simpson's notice of appeal and informal brief as an application to file a second or successive motion under § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to

obtain authorization to file a successive motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. § 2244(b)(2) (2006), § 2255(h). Simpson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED